UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTY LYNN SLAFF, | ) Case No.: ED CV 13-1939-PJW |
| Plaintiff, | ) |
| v. | ) MEMORANDUM OPINION AND ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

## I.   INTRODUCTION

Plaintiff appeals a decision by Defendant Social Security Administration ("the Agency"), denying her application for Disability Insurance Benefits ("DIB").  She claims that the Administrative Law Judge ("ALJ") erred when he: (1) determined that Plaintiff's depression and anxiety did not cause any limitations; (2) relied on the testifying doctor's opinion instead of the treating doctors' opinions; and (3) found that Plaintiff and her husband were not credible.  For the reasons explained below, the Court concludes that the ALJ erred and remands the case to the Agency for further proceedings.

1

## II. SUMMARY OF PROCEEDINGS

In October 2008, Plaintiff applied for DIB, alleging that she had been disabled since August 2006, due to pain caused by fibromyalgia and chronic fatigue syndrome. (Administrative Record ("AR") 70-87, 211-13, 235, 259-66.) The Agency denied the applications initially and on reconsideration. She then requested and was granted a hearing before an ALJ. On March 23, 2010, she appeared with counsel and testified at the hearing. (AR 69-88.) The ALJ determined that she was not disabled and denied her application. (AR 94-101.) Plaintiff appealed to the Appeals Council, which remanded the case to the ALJ to address several issues that were overlooked in the first decision. (AR 107-10.) On remand, a second ALJ held a hearing and issued another decision, also concluding that Plaintiff was not disabled. (AR 22-34, 41-66.) Plaintiff appealed to the Appeals Council, which denied review. (AR 1-6.) This action followed.

## III. ANALYSIS

### A. The ALJ's Finding that Plaintiff's Depressive and Anxiety Disorders did not Cause any Limitations

The ALJ determined that Plaintiff suffered from depressive disorder and anxiety disorder and that these were severe impairments. (AR 24.) He also determined, however, that she did not suffer from any mental limitations as a result. (AR 27.) Plaintiff contends that this was error. She points out that her treating physician (Pamela Alvarez) opined that her stamina and ability to focus were very limited and the reviewing physician (Loomis) determined that she would be restricted to simple, non-public tasks. (Joint Stip. at 8-9.)

The Agency argues that the ALJ did not err in concluding that Plaintiff's mental impairments did not impact her ability to work. It argues that the ALJ sifted through conflicting evidence and arrived at a reasonable decision. It also points out that Plaintiff failed to attend her scheduled consultative examination, which would have provided more information on the extent of her condition and how it may have impacted her ability to work.

The Court finds that further information is needed to properly resolve this issue. First, Plaintiff should be examined by the consultative examiner. Once that report is obtained, the ALJ can take it into account along with the other medical evidence, including Dr. Alvarez's and Dr. Loomis's opinions. In doing so, the ALJ should reconsider his decision to reject Dr. Alvarez's opinion on the grounds that: (1) Dr. Alvarez offered an opinion on the ultimate issue of disability; (2) her opinion was inconsistent with the objective medical evidence as a whole; and (3) Dr. Alvarez was a neurologist, not a psychologist. (AR 26.)

First, though the issue of disability is reserved to the Agency and, therefore, an ALJ is not bound to accept a doctor's opinion on the subject, *see Boardman v. Astrue*, 286 F. App'x 397, 399 (9th Cir. 2008), where, as here, a treating doctor offers such an opinion, the ALJ is not at liberty to reject the doctor's entire opinion based on the fact that she offered an opinion on disability, too. *See Orn v. Astrue*, 495 F.3d 625, 631-33 (9th Cir. 2007) (explaining, even if treating doctor's opinion is not entitled to controlling weight, it must still be

considered by ALJ).  The ALJ may also not reject a doctor's opinion based on a generalized finding that the opinion is not supported by the objective medical evidence.  *See, e.g., Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988) (holding ALJ's reasons for rejecting doctor's opinion not clear and convincing where ALJ "merely states that the objective factors point toward an adverse conclusion and makes no effort to relate any of these objective factors to any of the specific medical opinions and findings he rejects").  Instead, he must explain in detail what part of the doctor's opinion is inconsistent with what part of the medical record.  Finally, though the Court might agree with the ALJ that psychologist Michael Kania has more expertise in determining limitations caused by anxiety and depression than neurologist Alvarez, it is not clear to the Court that the ALJ would have rejected Dr. Alvarez's opinion solely because she is a neurologist.  On remand, the ALJ should reconsider this issue as well.

　　　　B. <u>The ALJ's Rejection of the Treating Doctors' Opinions</u>

　　　　Plaintiff complained that she suffers from fibromyalgia. The ALJ agreed, determining that Plaintiff's fibromyalgia was a severe impairment. (AR 25.)  At the hearing, the ALJ called medical expert Arthur Lorber to testify about Plaintiff's conditions and her limitations. (AR 55-57.)  Dr. Lorber determined that Plaintiff did not have any limitations as a result of her impairments. (AR 56-57.)  He also testified, however, that he does not accept fibromyalgia as a valid diagnosis. (AR 57.)  The ALJ accorded "great weight" to Dr.

Lorber's opinion. (AR 33.) Plaintiff argues that the ALJ erred in doing so. The Court agrees.

The Agency and the courts have determined that fibromyalgia is a real disorder that can impact a person's ability to work. *See, e.g., Benecke v. Barnhart*, 379 F.3d 587 (9th Cir. 2004); and Social Security Ruling 12-2, Evaluation of Fibromyalgia, 2012 WL 3104869, *2 ("[Fibromyalgia is a [medically determinable impairment] when it is established by appropriate medical evidence. [Fibromyalgia] can be the basis for a finding of disability."). The ALJ in this case determined that Plaintiff has fibromyalgia. It made no sense, then, to call a doctor to testify about Plaintiff's impairments and the limitations caused by them who does not believe that fibromyalgia is real. Naturally, such a doctor would conclude that there are no limitations stemming from a disorder that he does not believe exists. On remand, the ALJ should consult a doctor who believes that fibromyalgia is real and ask that doctor to opine whether Plaintiff's fibromyalgia impacts her ability to work.

Plaintiff also contends that the ALJ erred when he accepted Dr. Lorber's opinion over the opinions of the treating doctors. Again, the Court agrees. First, as explained above, the ALJ should not have relied on Dr. Lorber because he does not believe that fibromyalgia exists. Second, the reasons the ALJ provided for discounting the treating doctors' opinions are inadequate. For example, the ALJ rejected the doctors' opinions because they were "inconsistent with the objective medical evidence as a whole." (AR 31-32.) This is not specific enough to withstand scrutiny. *Embrey*, 849 F.2d at 421-22. The ALJ also noted that

Plaintiff's ability to participate in daily activities undermined the doctors' opinions that she was extremely restricted.  (AR 31-31.)  The Court does not agree that Plaintiff's ability to perform minimal activities, like driving her kids one-half mile to school every day, contradicts her doctors' opinions that she is extremely limited.  *See Gonzalez v. Sullivan*, 914 F.2d 1197, 1201 (9th Cir. 1990) (holding ALJ errs in failing to explain how claimant's ability to perform daily activities translated into an ability to perform work).  On remand, the ALJ should reconsider how much weight should be accorded the doctors' opinions.[1]

### C. The ALJ's Credibility Findings

The ALJ questioned Plaintiff's testimony that she suffered from disabling pain and limitations because he found that it was inconsistent with her ability to perform various daily activities, like driving, maintaining personal hygiene, and going to family outings.  (AR 28.)  The Court does not agree that these very limited activities contradict Plaintiff's allegations of severe pain and/or restrictions.  *See, e.g., Vertigan v. Halter,* 260 F.3d 1044, 1049 (9th Cir. 2001) ("[T]he

---

[1] The ALJ rejected Dr. Steinberg's assessment because, among other things, it was performed 11 months after Plaintiff's date last insured.  (AR 32.)  That, in and of itself, is not a valid reason for discounting a doctor's opinion.  *See Lester v. Chater*, 81 F.3d 821, 832 (9th Cir. 1995) (noting Ninth Circuit law specifically holds that medical evaluations performed after date last insured are relevant to evaluation of claimant's condition before date last insured)**.**  And, as Plaintiff points out, the ALJ accepted instead Dr. Lorber's opinion, which came more than two years after her date last insured.  The ALJ cannot reject one doctor's opinion because it was too late and accept another doctor's opinion that came even later.

mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability.").

The ALJ also questioned Plaintiff's sincerity because, in response to a question posed by the ALJ, she testified that the *last* time that she reported side effects to her doctor was four months before the administrative hearing. (AR 59.) It seems that the ALJ misinterpreted this testimony to mean that the first time that she reported the side effects to her doctor was four months before the hearing. (AR 28.) In fact, Plaintiff had been reporting side effects to her doctors for years. (AR 649-51, 1016.) Thus, this reason for questioning her testimony is also rejected.

The ALJ questioned Plaintiff's credibility as a result of her failure to attend her scheduled consultative examination. (AR 28.) This is backed by the record and is a valid reason for questioning her testimony. *See Carpenter v. Astrue*, 2010 WL 841281, at *4 (N.D. Cal. Mar. 10, 2010) (upholding ALJ's finding that claimant was not credible based on fact that she failed to attend consultative examination). Though Plaintiff explained that her failure to attend was due to her need to care for her sick mother, she never made any effort to reschedule the appointment. And her attempt to shift blame to the Agency is unpersuasive. Had Plaintiff truly been motivated to display the extent of her symptoms to the Agency doctor she would have made a point to follow up and arrange for a new appointment after she missed the first one.

The ALJ also discussed the fact that Plaintiff's treatment was routine and conservative, though it is not clear if that was one of the reasons he relied on to discount her testimony. (AR 29.) This could be a valid reason for questioning Plaintiff's testimony, s*ee Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005), though it is not clear what more aggressive treatment is warranted for fibromyalgia.

In the end, the Court finds that only one or two of the three or four reasons relied on by the ALJ for questioning Plaintiff's testimony are valid. Further, it is not clear whether the ALJ would have found Plaintiff not credible based only on the fact that she had failed to attend the consultative examination and had received conservative care. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (holding error by ALJ in credibility determination is harmless "[s]o long as there remains substantial evidence supporting the ALJ's conclusions on . . . credibility and the error does not negate the validity of the ALJ's ultimate credibility conclusion."). For that reason, the Court will remand this issue to the ALJ for further consideration.

Finally, Plaintiff complains that the ALJ erred when he rejected her husband's "testimony" that Plaintiff was limited in most everything she did because of her ailments. The ALJ found that this testimony was not persuasive for a variety of reasons, including the fact that it was not supported by the clinical or diagnostic medical evidence the ALJ discussed in his decision. (AR 29.) This reason is germane to the witness and is backed by some of the medical evidence. Because the threshold for

rejecting lay testimony is exceedingly low, the Court will affirm the ALJ's finding as to the husband. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) (approving ALJ's decision to reject lay testimony that was inconsistent with medical evidence).

## IV. CONCLUSION

For these reasons, the ALJ's decision is reversed and the case is remanded to the Agency for further proceedings consistent with this Memorandum Opinion and Order.[2]

IT IS SO ORDERED.

DATED:  1/28/15

*(signature: Patrick J. Walsh)*

PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Social Security\SLAFF, 1939\Memo Opinion and Order s.docx

---

[2] Plaintiff requests that the Court remand for an award of benefits. The Court recognizes it has the authority to do so but concludes that there are numerous questions that must be answered before it is clear whether Plaintiff is disabled and entitled to benefits. *See Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014) (noting district court is required to remand for benefits only when record has been fully developed and further proceedings would serve no purpose and when ALJ would be required to find claimant disabled on remand).